KENISTON v. FLAHERTY.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. CONTRACTS—ACTIONS—DEFENSES—MATTERS IN PAROL.

Defendant promised, by written contract with plaintiff, to take a certain space in an advertising book, and to pay a certain sum therefor. The contract further provided that all agreements must be written on its face, and, if copy for the advertisement should not be furnished upon demand, a business card might be used. Plaintiff repeatedly demanded of defendant copy for the contemplated advertisement, and upon defendant's failure to furnish the copy, just before the book went to press, his business card was used. Held, that defendant could not defend a suit on the contract on the ground of a misunderstanding with plaintiff's solicitor as to the subject-matter of the advertisement.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Charles E. Keniston against Michael E. Flaherty. From a judgment of the Municipal Court dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Walter Cox, for appellant.
William M. Hart, for respondent.

WOODWARD, J. The defendant concededly entered into a written contract with the plaintiff on the 1st day of February, 1904, which provided as follows:

"We the undersigned do hereby agree to take one-half page space in the Official Book of Convention Proceedings of the Cigar Dealers Association of America, and to pay for the same the sum of sixty dollars upon receipt of copy of said book and return of this contract."

Below the signature of the defendant, with his address, is the following provision, and there is no suggestion that it was not there at the time the contract was entered into:

"All agreements must be written on the face of this contract. If copy is not furnished upon demand business card may be used."

It is not disputed that plaintiff set aside one-half page of space in his book for the use of the defendant, and that he repeatedly demanded of the defendant the copy for the advertisement which was contemplated by the contract, and that, upon the defendant failing to furnish the copy, the plaintiff used the defendant's business card for copy, filling the space contracted for; and that a copy of the book was delivered to the defendant, who refused to pay the sum named in the contract. The only excuse offered was that the defendant had, or claimed to have had, some misunderstanding with the advertising solicitor of the plaintiff to the effect that the copy for the advertisement was to come from certain tobacco firms in Porto Rico, who contemplated consolidation, the defendant to become their agent, and this fact was to constitute the subject-matter of the advertisement. There was some evidence admitted without objection tending to support this proposition, but we are clearly of the opinion that it did not amount to a defense. The contract was for one-half page of space in the book, and it appeared upon the face of the contract that this book was to contain the proceedings of the Cigar Dealers Association of America, which association held its convention in Chicago on the 12th day of January, 1904; and, while the contract did not specify when the book was to be published, it was fair to assume that it was to be published within a reasonable length of time, and the undisputed evidence is that the plaintiff published this book some time in April, and that he personally made a demand for the copy "at the last moment" before going to press with the final pages, and that he at that time told the defendant he should have to avail himself of the provision of the contract which permitted the use of a business card. The defendant has had the one-half page of space for which he contracted; the plaintiff has acted in good faith under the provisions of his written contract; and, if the defendant has not had all of the value which he contemplated, it is only because he has failed to comply with the reasonable requirements of his contract in furnishing copy at a time when it was practicable for the plaintiff to publish the same.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.